Matthias, J.
 

 This case comes into this court from the Court of Appeals of Stark county upon the allow
 
 *42
 
 anee of motion for certification of the record. That court found that the court of common pleas had erroneously directed a verdict in favor of the Industrial Commission and against Ruth Smith Nelson, the plaintiff in that court, who was seeking an award of compensation upon appeal from the action of the Industrial Commission, which had disallowed her claim. The verdict was directed by the court of common pleas at the close of plaintiff’s case upon the ground that the injury sustained by the husband of the claimant, resulting in his death, did not arise out of his employment, and for that reason there could be no award to her from the workmen’s compensation fund.
 

 The facts are not in controversy. The plaintiff’s husband, while in the course of his regular and usual employment, was seized with an epileptic fit which caused him to fall. His head struck the corner of the iron or steel base of a large spot welding machine, at which he was then working, which caused a concussion of the brain and resulted in his death the following day. These facts were conceded by counsel for the Industrial Commission in his statement of the case. A motion by plaintiff for a directed verdict in her favor, based upon such statement, was overruled. The question of law presented by these facts is whether such injury is compensable under the Workmen’s Compensation Law.
 

 The injury was sustained in the course of the workman’s employment. Did it arise out of his employment? It is well settled that the workmen’s compensation fund does not and cannot cover any injury which has its cause outside of and disconnected with the employment, although the employee may at the time have been engaged in the work of his employer in the usual way.
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104. It was essential also that the employment have some causal connection with the injury, either through its activities, its condi
 
 *43
 
 tions, or its environments.
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Grabler Mfg. Co.
 
 v.
 
 Wrobel,
 
 125 Ohio St., 265, 181 N. E., 97. These decisions provide the test that must be applied.
 

 The contention of counsel for the Industrial Commission rests upon the view that, by reason of the physical infirmity of the workman which caused him to fall, the injury which he sustained as a result of the fall into or against the machine with which he was working was an injury which had its source outside of and disconnected with the employment, and that his employment had no causal connection with the resulting injury.
 

 The weight of authority is contrary to this view. If the injured workman fell from a scaffold or ladder or stair, or into the hold of a ship, even though the fall was induced by a fit or seizure or other idiopathic condition of the workman, there is practical accord upon the proposition that the resulting injury arose out of the employment. Good reason will not support any distinction between the numerous decisions supporting recovery in such cases and the instant case.
 

 In
 
 Bow’s Case,
 
 231 Mass., 348, 121 N. E., 19, the Supreme Judicial Court of Massachusetts had before it a suit under the Workmen’s Compensation Act of that state. Exemption was claimed on behalf of the Industrial Board upon the ground that the workman had suffered a physical collapse by reason of which he fell into the machinery with which he was working. That court held that the cause of the fall was the remote cause, and that the dominant and proximate cause of his death was the fall itself, which placed the body of the employee in such relation to the revolving parts of the machine as to cause his death, citing other supporting Massachusetts cases, and announced its conclusion that the injury arose out of and in the course of the employment.
 

 In a more recent ease, the same court had before it
 
 *44
 
 a situation more nearly in point.
 
 Cusick’s Case,
 
 260 Mass., 421, 157 N. E., 596. An employee fell upon a stairs during the course of his employment and sustained injuries from which he died. It was held that his death was compensable under the Workmen’s Compensation Act notwithstanding the fall occurred during an attack of epilepsy. The workman died from a fracture of the skull resulting from the fall. The court held that, if the employee was not subject to epilepsy, and fell down stairs during the course of his employment, the dependents could recover compensation, and it reasoned that the fact that he suffered from epilepsy should not bar recovery, since the protection of the statute is not limited to employees who are in good health, and' that the condition of health has no more to do with the question than the lack of ordinary care, or the employer’s freedom from simple negligence. Supporting its conclusion, the court quotes from another of its decisions,
 
 Madden’s Case,
 
 222 Mass., 487, 111 N. E., 379, L. R. A., 1916D, 1000, as follows: “It is the injury arising out of the employment and not out of disease of the employee for which compensation is to be made. Yet it is the hazard of the employment acting upon the particular employee in his condition of health and not what that hazard would be if acting upon a healthy employee or upon the average employee. The act makes no distinction between wise or foolish, skilled or inexperienced, healthy or diseased employees. All who rightly are describable as employees come within the act.”
 

 A similar question was before the Supreme Court of Connecticut in the case of
 
 Gonier
 
 v.
 
 Chase Companies, Inc.,
 
 97 Conn., 46, 115 A., 677, 19 A. L. R., 83. The very concise question presented there was whether the death of the workman resulting from a fall from staging about eleven feet above the surface, caused by temporary unconsciousness due to disease, constituted an injury arising out of his employment. In the con
 
 *45
 
 sideration of the question that court reviews numerous eases, as a result of which it announces its conclusion, “that the danger of falling and the liability of resulting injury was a risk arising out of the conditions of his employment; that the proximate cause of the injury was the fall, and of the fall, the indigestion. ’ ’
 

 In a case before the Supreme Court of Illinois,
 
 Rockford Hotel Co.
 
 v.
 
 Industrial Commission,
 
 300 Ill., 87, 132 N. E., 759, 19 A. L. R., 80, it was contended that an epileptic fit caused the workman to fall into a pit of hot cinders, and, though so severely burned that he afterwards died, it was urged that the seizure was the direct cause of the injury, and that it therefore did not arise out of his employment. The court in considering the question stated on page 89 as follows: “It is generally held by the English courts and the courts of this country that where the death of an employee results from a prior existing disease, like heart trouble or other impaired physical condition, while the workman was doing his ordinary work in the ordinary way, and there was no sudden, unusual or violent strain, it will not be considered an accidental death arising out of the employment within the meaning of the Workmen’s Compensation Act.” Thereafter the court further said: “He did not die from epilepsy or a pre-existing disease but from the burns he received from falling into the pit. Some cases hold that where an employee is seized with a fit and falls to his death the employer is not liable, because the injury did not arise out of the employment;
 
 * * *
 
 but a majority of the courts, American and English, hold that if the injury was due to the fall the employer is liable even though the fall was caused by a pre-existing idiopathic condition.” That court affirmed its position on the question in the recent case of
 
 VanWatermeullen
 
 v.
 
 Industrial Commission,
 
 343 Ill., 73, 174 N. E., 846.
 

 Another case quite in point is that of
 
 Matter of Connelly
 
 v.
 
 Samaritan Hospital,
 
 259 N. Y., 137, 181 N. E.,
 
 *46
 
 76, which is a very recent decision by the Court of Appeals of New York. That case involved a claim of a workman who, while employed in a laundry, was injured by a fall, which injury resulted from striking a table. The reasoning of that court is quite applicable here. As there stated at page 140: “ ‘It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute. The cause may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment.’ * * * If, except for the employment, the fall though due to a cause not related to the employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and the accidental injury arose out of the employment. The employment has subjected the workman to a special danger which in fact resulted in injury. ’ ’ In reaching its conclusion that court applied the rule that, “Whenever conditions attached to the place of employment or otherwise incident to the employment are factors in the catastrophic combination, the consequent injury arises out of the employment.”
 

 A very recent case in the Court of Appeals of the District of Columbia is also in point.
 
 President and Directors of Georgetown College
 
 v.
 
 Stone,
 
 61 App. D. C., 200, 59 F.(2d), 875. Death resulted from burns sustained by an employee who had an epileptic seizure while using a hot water hose in the course of his employment. The court held that such facts admitted of but one lawful conclusion, that the employee’s death was caused by the burns, and not by the epileptic fit, and that the burns were inflicted by means of instrumentalities used by the employee in the course of his employment, and therefore arose out of as well as in the course of employment.
 

 It would scarcely be claimed that if through tern
 
 *47
 
 porary dizziness or other like cause a workman came in contact with a revolving saw or other machinery, and thus sustained injury, compensation would be denied him. We see no reason to make a distinction because of the difference in the kind of machinery, contact with which caused the injury. To be a hazard of the employment it is not essential that it be such a condition as to be made the subject of a specific requirement, the violation of which would impose upon the employer a penalty for failure to comply therewith.
 

 The statement of facts at the opening of the case left no essential fact in controversy. The question was one of law only, and required a verdict for the plaintiff, which should have been directed by the trial court. In so holding the Court of Appeals was right,- and its judgment is affirmed. It was in error, however, in attempting to fix attorney, fees. That court is not authorized to do so. Such authority is conferred upon the trial court by statute, Section 1465-90, General Code. It was therefore necessary to remand the case to the court of common pleas.
 

 Judgment modified and affirmed.
 

 Weygandt, C. J., Day, Allen, Stephenson and Jones, JJ., concur.
 

 Bevis, J., not'participating.