By the Court.
 

 The sole question presented to this court for consideration is whether the record discloses
 
 *584
 
 evidence tending to show that the decedent sustained an accidental injury in the course of and arising out of his employment.
 

 The facts are simple. For a period of approximately six months preceding his death the decedent had received the attention of a physician for a heart difficulty diagnosed as angina pectoris. This was accompanied by dizzy spells, headaches, hypertension and hypertrophy with a slight trace of sugar. On the day of his death the decedent worked at his machine until noon when he went into a rest room provided by the company for use by its employees. He was observed to be walking fast in a stooped position and waving his arms in a peculiar manner. Then he straightened up and fell backward striking his head on the cement floor. He died ten or fifteen minutes later. His physician stated that death was due to angina pectoris and coronary thrombosis with a contributing cause of arteriosclerosis.
 

 The plaintiff contends that “the rest room provided by the employer for the convenience and necessity of Mr. Stanfield was a part and parcel of the building and environment in which he worked; that Mr. Stanfield was in the zone and the course of his employment when proceeding to said rest room; that the case of the
 
 Industrial Commission
 
 v.
 
 Nelson
 
 *.* * does not provide that it is essential that conditions or environment to be a factor must be some particular machine upon which the employee is injured while working; and that the majority rule is that when any condition or environment of the employment is a factor in causing injury then such injuries are compensable.”
 

 In addition'to the
 
 Nelson case,
 
 127 Ohio St., 41, 186 N. E., 735, the plaintiff relies upon the pronouncement of this court in the case of
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38. In the sec
 
 *585
 
 ond paragraph of the syllabus in the latter case this court spoke as follows:
 

 “2.
 
 The test of right to award from the insurance fund under the Workmen’s Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the 'employer, or his employees, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments.”
 

 ■ In the second and third paragraphs of the syllabus in the
 
 Nelson case
 
 this court said:
 

 “2.
 
 But whenever the conditions attached to the place of employment are factors in causing injury to a workman engaged therein such injury arises out of the employment and is compensable.
 

 “3. A workman, while in the course of his regular and usual employment, was seized with an epileptic fit and fell into or against a spot welding machine, at which he was then working, which fall caused a concussion of the brain resulting in his death.
 
 Held:
 
 That the injury was sustained in the course of his employment and arose out of his employment, and is compensable.”
 

 The
 
 Nelson
 
 and the instant cases are readily distinguishable. In the former the employee was working at the welding machine which clearly constituted an added risk or hazard incident to the employment. The injury not only occurred in the course of the employ-, ment but it also arose out of the employment. In the instant case the floor was in no sense an added risk or hazard incident to the employment. The decedent’s head simply struck the common surface upon which he was walking — an experience that could have occurred to him in any building or on the street irrespective- of his employment. The fall resulted from the seizure alone and not from any circumstance of
 
 *586
 
 Jiis employment. Concededly to entitle a claimant to compensation there must be an accidental injury not only in the course of but also arising out of the employment. Evidence of an injury arising out of the employment is not disclosed by the record in this case.
 

 Hence, the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Turner, Matthias and Hart, JJ., concur.
 

 Bell and Williams, JJ., dissent.