**HARRIS, Appellant,**

v.

**OHIO BUREAU OF WORKERS' COMPENSATION et al., Appellees.**

[Cite as *Harris v. Ohio Bur. of Workers' Comp.* (1996), 117 Ohio App.3d 103.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960254.

Decided Dec. 18, 1996.

*Clements, Mahin & Cohen, William E. Clements* and *Catharin R. Taylor,* for appellant.

*Dinsmore & Shohl, Christopher A. Benintendi* and *Brian P. Perry,* for appellee Cincinnati Enquirer.

*Betty D. Montgomery,* Attorney General, and *James M. Carroll,* Assistant Attorney General, for appellees Administrator, Ohio Bureau of Workers' Compensation, and Industrial Commission of Ohio.

---

DOAN, Presiding Judge.

The facts in this appeal are undisputed. While working for the Cincinnati Enquirer in the pressroom, plaintiff-appellant Darrell Harris apparently experienced a seizure, struck his head on the concrete floor as he fell, and sustained a subdural hematoma. His claim for workers' compensation was administratively denied, and his appeal to the court of common pleas fell victim to a motion for summary judgment. In his single assignment of error, Harris claims that the trial court erred in overruling his motion for summary judgment and sustaining the defendants-appellees' motion for summary judgment, specifically asserting that he was injured during the course of his employment by an object in the work environment.[1] We overrule his assignment of error.

Civ.R. 56(C) states that a motion for summary judgment should be granted if the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that (1) there is no genuine issue as to any material fact, (2) the movant is entitled to a judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 639 N.E.2d 1189; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. An appellate court's review of a summary judgment is *de novo. Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212; *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 641 N.E.2d 265.

R.C. 4123.01(C) states that for an injury to be compensable from the workers' compensation fund, it must be "received in the course of, and arising out of, the injured employee's employment." This test is conjunctive. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. Here, it is certain that Harris's injury was sustained in the course of his employment; however, we must also determine whether it arose out of his employment.

 We hold that Harris's injury did not arise out of his employment. This case is factually like *Stanfield v. Indus. Comm.* (1946), 146 Ohio St. 583, 33 O.O.

---

1. We *sua sponte* remove this cause from the accelerated calendar.

70, 67 N.E.2d 446, where a fall to the floor was precipitated by an idiopathic condition.[2] The Ohio Supreme Court in *Stanfield* set forth a bright-line rule as follows:

"In the instant case the floor was in no sense an added risk or hazard incident to the employment. The decedent's head simply struck the common surface upon which he was walking—an experience that could have occurred to him in any building or on the street irrespective of his employment. The fall resulted from the seizure alone and not from any circumstance of his employment. Concededly to entitle a claimant to compensation there must be an accidental injury not only in the course of but also arising out of the employment. Evidence of an injury arising out of the employment is not disclosed by the record in this case." *Id.* at 585–586, 33 O.O. at 71–72, 67 N.E.2d at 448.

We are compelled to follow the *Stanfield* rationale and hold that no causal connection existed between Harris's injury and his employment by virtue of an unimpeded fall to a concrete floor precipitated by his idiopathic condition. Therefore, we affirm the granting of summary judgment in favor of the defendants-appellees.

*Judgment affirmed.*

GORMAN, J., concurs.

PAINTER, J., dissents.

PAINTER, Judge, dissenting.

The "arising out of" requirement for participation in worker's compensation refers to the causal connection between employment and the injury. *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 551 N.E.2d 1271. The right to participate in the Workers' Compensation Fund does not depend on any fault of the employer, but on whether a causal connection existed between an employee's injury and his employment, either through the activities, conditions, or environment of the employment. *Bralley v. Daugherty* (1980), 61 Ohio St.2d 302, 303, 15 O.O.3d 359, 359–360, 401 N.E.2d 448, 449–450, citing *Indus. Comm. v. Weigandt* (1921), 102 Ohio St. 1, 130 N.E. 38.[3]

---

**2.** An idiopathic condition, for purposes of workers' compensation, is an employee's preexisting physical weakness or disease which contributes to the accident. *Waller v. Mayfield* (1988), 37 Ohio St.3d 118, 121, 524 N.E.2d 458, 461, fn. 3, citing 1 Larson, The Law of Workmen's Compensation (1985) 3–308, Section 12.00.

**3.** The Ohio Supreme Court refined the test for the "arising out of" element by considering the totality of the circumstances in determining whether a causal connection existed between an employee's injury and his employment. See *Fisher v. Mayfield,* 49 Ohio St.3d at 277, 551 N.E.2d at 1274, citing *Lord v. Daugherty* (1981), 66 Ohio St.2d 441, 20 O.O.3d 376,

The parties stipulate that Harris's fall, was precipitated by an idiopathic condition. An injury sustained from a fall brought on by an idiopathic condition is compensable "if the employment significantly contributed to the injury by placing the employee in a position which increased the dangerous effects of the fall." *Waller v. Mayfield* (1988), 37 Ohio St.3d 118, 123, 524 N.E.2d 458, 462, citing *Indus. Comm. v. Nelson* (1933), 127 Ohio St. 41, 186 N.E. 735. In *Nelson*, an employee suffered an epileptic seizure and fell, hitting his head against a welding machine. The employee was granted compensation because the presence of the machine was a workplace condition that was a factor in causing the injury, and therefore the injury arose out of employment.

Similarly, in *Bill v. Great Lake Windows, supra*, an employee, suffering from an idiopathic condition, fell and struck his face on a picnic table in the lunchroom. In deciding that the injury was compensable under workers' compensation, the court stated that the table benefited the employer and that in certain circumstances common objects in the workplace can be dangerous, and even lethal. The court held that "when objects in the zone of employment exacerbate injury during an employee's idiopathic episode, the degree to which that injury is exacerbated arises out of the injured employee's employment and is, therefore, compensable from the workers' compensation fund."

Finally, in *Whitt v. Mayfield* (June 25, 1992), Franklin App. No. 91AP–1156, unreported, 1992 WL 142303, an employee sweeping the sidewalk area around a hospital suffered an epileptic seizure, fell into the street and suffered injuries. The court of appeals reversed the trial court, holding that a material issue of fact remained as to whether the conditions of employment, such as being required to sweep next to a busy street, created an enhanced risk.[4]

In the case *sub judice*, Harris was discovered on the concrete floor of the pressroom. Apparently, he had suffered a seizure and fallen, striking his head either on the floor or possibly on a printing press. Because Harris has no recollection of the events and there were no witnesses, he cannot present any evidence that he struck his head on the press. Therefore, we must presume that the injury was caused by the hard concrete floor in the pressroom. As in *Nelson*

---

423 N.E.2d 96. I agree with the reasoning of the court in *Bill v. Great Lake Windows* (Feb. 18, 1994), Wood App. No. 93WD072, unreported, 1994 WL 50261, that the standards established in *Lord* and *Bralley* were created to determine whether employment hazards existed to the extent that an employee could be deemed to be constructively at the workplace. These standards are different from the standards used to determine whether hazards at the workplace exacerbated the results of an idiopathic episode.

**4.** I agree with the result in *Whitt*, but disagree with its analysis to the extent that the court relied on dicta in *Stanfield v. Indus. Comm.* (1946), 146 Ohio St. 583, 33 O.O. 70, 67 N.E.2d 446, which I dispose of below.

and *Bill,* the injury that Harris sustained was exacerbated by the conditions of employment, whether the injury was sustained from Harris striking a printing press or the concrete floor. Surely the concrete floor benefited the employer. I find it untenable that a distinction should be drawn determined by whether the employee hit his head on a machine or on the concrete floor upon which the machine was situated. See *Stanfield v. Indus. Comm.* (1946), 146 Ohio St. 583, 587, 33 O.O. 70, 72, 67 N.E.2d 446, 449 (Bell and Williams, JJ., dissenting). Undoubtedly, the hard concrete floor was a workplace condition that increased the effects of Harris's fall, just as falling into a machine could increase the effects of a fall.

Of course, this decision must be squared with *Stanfield.* In *Stanfield,* an employee suffered a heart attack, fell on the tile floor, striking his head, and died. The court stated that the floor was not an added hazard of employment because the employee could have fallen and struck his head anywhere irrespective of his employment. However, this discussion by the court was merely dicta, as the court had already determined that the employee had died from the heart attack and not from the fall. The court's decision, therefore, rested on the fact that the employee had not sustained any injury related to his work.

This court should not follow the dicta of *Stanfield,* but instead extend the *Nelson* holding in light of recent instruction by the Ohio Supreme Court and statutory mandate calling for a liberal construction of the phrase "arising out of" in determining workers' compensation claims, favoring the awarding of benefits. *Fisher v. Mayfield,* 49 Ohio St.3d at 278, 551 N.E.2d at 1274; R.C. 4123.95. Applying a liberal construction, the pertinent facts being undisputed, we should hold as a matter of law that Harris is entitled to workers' compensation.

In passing, I note that such a determination would not create a groundswell of new claims or burden the workers' compensation system as an unlimited insurer. Surely, incidents of injuries from falls to the floor brought on by idiopathic conditions must be relatively rare in the workplace. An injury, to be compensable, would still have to be brought on by a condition of the workplace. Of course, we are not dealing with any injury that stemmed from the idiopathic condition itself — no one contends that Harris's condition itself is in any way compensable — only the injury caused by hitting his head on the concrete floor. Or perhaps, no injuries of this type should be compensable — I am simply not willing to hold that one who hits his head on a picnic table in a lunchroom can recover, but if he falls all the way to the floor he is out of luck. Therefore, I respectfully dissent.