OPINION
Appellant Cindy Grubbs is appealing the decision of the Ashland County Court of Common Pleas that granted a directed verdict in favor of the Appellee Administrator Bureau of Workers' Compensation ("Bureau"). The trial court found that appellant failed to establish that the decedent's death was directly and proximately caused by his employment with Appleseed Orchard. The facts giving rise to this appeal are as follows.
The decedent in this case, William Grubbs, died on August 4, 1992. On this date, the decedent and his nephew, Ralph Dull, were employed by Appleseed Orchard and were picking corn from a cornfield. The cornfield the decedent and Dull were working in was located two and six-tenths miles south of the main orchard on State Route 60.
At some point, the decedent sent Dull back to the pickup truck to retrieve additional baskets. When Dull returned he found the decedent on the ground, on his back, biting his tongue and his face was blue. Dull attempted to perform the Heimlich maneuver and wiped some food from the decedent's nose and mouth. Dull then placed the decedent in the back of the pickup truck and transported him to the main orchard where an emergency squad was summoned. The emergency squad transported appellant to Ashland Samaritan Hospital where he was pronounced dead at 1:32 pm.
The decedent's wife, Appellant Cindy Grubbs, filed a workers' compensation application for death benefits. The Bureau and the Industrial Commission of Ohio denied appellant's application. Appellant appealed to the Ashland County Court of Common Pleas. The trial of this matter commenced on September 22, 1997. At trial, the trial court excluded portions of the medical expert testimony of Dr. Kevin Trangle on the basis that his opinion was speculative. At the close of the evidence, the trial court proceeded to direct a verdict in favor of the Bureau finding that appellant failed to present evidence on the issue of proximate cause.
Appellant timely filed her notice of appeal and sets forth the following assignments of error:
 I. THE TRIAL COURT ERRED IN EXCLUDING APPELLANT'S EXPERT OPINION ON THE ISSUE OF PROXIMATE CAUSE BECAUSE THE EXPERT DID NOT PERSONALLY OBSERVE THE FACTS AND CIRCUMSTANCES SURROUNDING THE DEATH OF THE DECEDENT.
 II. THE TRIAL COURT ERRED IN DIRECTING A VERDICT IN FAVOR OF THE ADMINISTRATOR WHEN, CONSTRUING THE EVIDENCE MOST STRONGLY IN FAVOR OF THE APPELLANT, REASONABLE MINDS COULD COME TO MORE THAN ONE CONCLUSION BASED ON THE EVIDENCE.
 Standard of Review
Civ.R. 50 (4) addresses a directed verdict when granted on the evidence and provides:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A trial court does not weigh the evidence nor question the credibility of witnesses when considering a motion for directed verdict. Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66;Blair v. Property Mgmt. Consultants (1987), 40 Ohio App.3d 103. The trial court must determine whether there exists "sufficient evidence, if believed, relating to each issue to permit reasonable minds to reach different conclusions on each issue." Sanek v.Duracote Corp. (1989), 43 Ohio St.3d 169. In order to defeat a motion for directed verdict, the non-moving party must produce some evidence on each essential element of a claim or "produce evidence of a fact upon which a reasonable inference may be predicated to support such elements." Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 285. It is based upon this standard that we review appellant's assignments of error.
 I, II
We will address appellant's first and second assignments of error simultaneously. Appellant contends, in her first assignment of error, that the trial court erred when it excluded the testimony of her expert, Dr. Kevin Trangle, M.D., regarding his opinion of the cause of decedent's death and the time of death. Appellant contends, in her second assignment of error, that the trial court erred in directing a verdict in favor of the Bureau because reasonable minds could conclude that a choking death is a compensable injury sustained in the course of and arising out of employment when in an isolated workplace environment and the absence of communications equipment contributed to the death. We disagree.
For an injury to be compensable, it must be "* * * received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Both prongs of this test must be satisfied. The injury must have been received in the course of employment and it must have arisen out of the employment. Fisherv. Mayfield (1990), 49 Ohio St.3d 275, 277. The Court, in Fisher, further defined the two prongs:
 The `in the course of' prong is construed to relate to the time, place and circumstance of the injury, while the `arising out of' prong is interpreted as referring to a causal connection between the employment and the injury. Id.
In determining whether an employee is entitled to participate in the fund, the issue of fault or neglect, by either the employee or the employer, is not relevant. Indus. Comm. v. Weigandt (1921),102 Ohio St. 1, paragraph two of the syllabus.
In the case sub judice, we must focus on the second prong of this two-prong test, that is, whether or not a causal connection exists between the decedent's employment and his death. The cause of decedent's death was choking, an idiopathic injury. As a general rule, an injury which results from an idiopathic injury is not compensable. Waller v. Mayfield (1988), 37 Ohio St.3d 118,123. The Waller case involved a decedent who died after a fall at work. However, if an idiopathic injury occurs and,
 * * * the employment significantly contributed to the injury by placing the employee in a position which increased the dangerous effects of the fall, then a fall with an idiopathic cause would be compensable. Id., citing Indus. Comm. v. Nelson (1933), 127 Ohio St. 41, 46.
Therefore, pursuant to the above law, in order for the appellant to be entitled to participate in the fund, the evidence must establish that there was some condition or hazard of the decedent's employment which created an increased risk of injury. See Nadolny v. Owens-Illinois, Inc. (April 29, 1994), Wood App. No. 93WD055, unreported, 5. We must determine whether there was some condition or hazard of the decedent's employment with Appleseed Orchard that significantly contributed to his death by placing him in a position which increased "the dangerous effects of" his choking and placed him at a greater risk that he or anyone else in the same circumstances would have encountered elsewhere. See Id.
There was no evidence presented, at trial, that any condition of the decedent's employment initiated his choking. However, in support of the second prong of the test set forth in Waller, appellant contends the isolation of the work environment and the lack of communications equipment were contributing factors in the decedent's death because they significantly contributed to the injury by placing the decedent in a position which increased the dangerous effects of the choking.
Specifically, appellant introduced evidence, at trial, that the orchard where decedent and his co-worker were working, at the time of the incident, was located two and six-tenths miles from the main orchard and three and one-half miles from Ashland Samaritan Hospital. Appellant also points to the fact that the employer's vehicle, which the decedent and his co-worker drove to the orchard, was not equipped with any communications equipment.
At this point, appellant maintains, in her second assignment of error, that the testimony of her expert witness, Kevin Trangle, M.D., would have been useful as Dr. Trangle would have testified that, based upon a reasonable degree of medical certainty, the decedent vomited in an unconscious state en route to the main orchard and then inhaled, completely obstructing his airway; and the isolation of his work environment and lack of communications equipment were contributing factors in the decedent's death.
Appellant specifically argues that the trial court should have admitted this testimony pursuant to Evid.R. 703 which provides:
 The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing.
At pages 62-63 of the trial transcript, the trial court stated that it would not permit the testimony of Dr. Trangle, as it pertained to the cause and time of death, because he was not present when the decedent died. We find the trial court improperly excluded Dr. Trangle's testimony on this basis as experts consulted for trial are rarely ever present to observe the actual event for which they are consulted to testify about at trial. The purpose of Evid.R. 703 specifically permits an expert to base his or her testimony upon facts or data perceived by him or her or admitted in evidence.
Although we find the trial court improperly excluded this portion of Dr. Trangle's testimony, we find the error to be harmless because the information sought to be introduced by appellant did not go to whether the employment significantly contributed to the injury by placing the employee in a position which increased the dangerous effects of the choking. The cause and time of death does not establish that his employment significantly contributed to the choking by increasing its dangerous effects. Therefore, we find the exclusion of Dr. Trangle's testimony was harmless error.
Further, appellee's expert, Dr. William E. Emery, testified with regard to the issue of proximate cause and stated that it was his opinion that the location of the decedent had nothing to do with his death. Specifically, Dr. Emery stated:
 * * * he developed his cardiac irregularity, his aspiration in the field, and that the proper technique of the Heimlich maneuver done by his coworker was the appropriate thing to do. The aspiration, however, had already occurred, and because of his coronary arteriosclerosis he could not tolerate the lack of oxygen, and it would have made * * * no difference.
 He would have succumbed anyway. Depo. Dr. Emery at 21-22.
As to the issue of remoteness, we find the location where the decedent initially began choking was not remote, in the sense of distance. Further, if this Court were to find the lack of communications equipment significantly contributed to the decedent's death, we would be considering the issue of the employer's fault or negligence which is not relevant in determining whether an injured party is entitled to participate in the fund. See Indus. Comm. v. Weigant, supra.
Based upon the above, we find the trial court properly directed a verdict in this case because there did not exist sufficient evidence, if believed, relating to each issue to permit reasonable minds to reach different conclusions on each issue.
Appellant's first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, is hereby affirmed.
By: Wise, J. Farmer, P. J., and Reader, J., concur.
 JUDGMENT ENTRY
CASE NO. CA 1236
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.