OPINION
{¶ 1} Defendant-appellant Ronald Duvall appeals from the December 31, 2003, Judgment Entry of the Stark County Court of Common Pleas granting the Motion for Summary Judgment filed by plaintiff-appellee Bureau of Workers' Compensation.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Ronald Duvall was employed as a truck driver by J J Refuse. At approximately 11:15 a.m. on December 14, 2002, appellant was at the Canton Transfer Station, a drop off location for trash and garage. As part of his duties, appellant went to the upstairs office at the Transfer Station to pick up mail and paperwork. Appellant was in a hurry since he needed time to get ready for the office Christmas party that afternoon. As he was walking down the 26 stairs from the office, appellant's left knee became painful and started to buckle and twist. Appellant then turned and grabbed hold of the handrail to keep from falling.
 {¶ 3} Appellant was taken to the emergency room where his knee was x-rayed. The records from the hospital indicate that appellant had a two week history of left knee pain and was planning on seeing a doctor the week of the incident if the pain did not resolve. Appellant was later diagnosed with a meniscal tear of the left knee.
 {¶ 4} Subsequently, appellant filed a workers' compensation claim with the Bureau of Workers' Compensation for sprain of the left knee and leg. After the claim was initially allowed by the Administrator, J J Refuse, appellant's employer, filed an appeal. Following a hearing, a District Hearing Officer vacated the order of the Administrator and disallowed appellant's claim, finding that appellant did not sustain an injury in the course of and arising out of his employment. The District Hearing Officer, in his order, stated, in relevant part, as follows:
 {¶ 5} "The order is based on the absence of a description of a compensable injury. The 12/16/2002 accident report indicated that the claimant felt pain in his left knee while walking down some stairs at a transfer station. The 12/14/2002 Union Hospital Emergency Room records contained a history given by the claimant stating that he had a two week history of left knee pain. The claimant also stated he did not know any specific incident which caused his left knee pain. The initial treatment notes from Occupational Medicine Center do not reference any specific injury to the left knee occurring on 12/14/2002."
 {¶ 6} Appellant then appealed from such order. A Staff Hearing Officer affirmed the decision of the District Hearing Officer, noting that appellant, in his affidavit of May 7, 2003, had stated that after his knee started to buckle, he turned quickly and grabbed hold of the railing. On such basis, the Staff Hearing Officer found that appellant had not sustained a compensable injury in the course of and arising out of his employment. After appellant appealed the order of the Staff Hearing Officer, the Industrial Commission of Ohio refused the appeal.
 {¶ 7} Thereafter, on August 11, 2003, appellant filed his Notice of Appeal and Complaint in the Stark County Court of Common Pleas. On December 4, 2003, appellee Bureau of Workers' Compensation filed a Motion for Summary Judgment, arguing that appellant's alleged injury was not compensable since it "was caused by Plaintiff's [appellant's] idiopathic left knee problems." After appellant filed a brief in opposition to the motion, appellee J J Refuse filed a reply brief.
 {¶ 8} Pursuant to a Judgment Entry filed on December 31, 2003, the trial court granted the Motion for Summary Judgment, stating, in relevant part, as follows:
 {¶ 9} "Plaintiff [appellant] was walking down steps when he felt a pain in his knee. Plaintiff [appellant] did not trip, slip, fall or twist his knee. There was a pain while he was walking. There is no question that the employee was acting within the scope of his employment. The question is whether or not there was an accident.
 {¶ 10} "Based on the facts there was no compensable injury. The Plaintiff [appellant] felt pain in his knee no trauma whatsoever, no event or occurrence. In Jones v. Mayfield, unreported, 1990 WL 20063
(Ohio App. 3 Dist.) the court held that an employee bending over and feeling pain did not constitute a compensable injury."
 {¶ 11} It is from the trial court's December 31, 2003, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 12} "The trial court committed prejudicial error by granting appellee-bureau of workers' compensation's motion for Summary judgment as to the issue of whether plaintiff-appellant suffered a compensable injury."
 STANDARD OF REVIEW {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ. R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 14} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280, 295,1996-Ohio-107, 662 N.E.2d 264.
 {¶ 15} It is pursuant to this standard that we review appellant's assignment of error.
 I {¶ 16} Appellant, in his sole assignment of error, argues that the trial court erred in granting appellee Bureau of Workers' Compensation's Motion for Summary Judgment "as to the issue of whether Plaintiff [appellant] suffered a compensable injury." We disagree.
 {¶ 17} For an injury to be compensable, it must be ". . . received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Both prongs of this test must be satisfied. The injury must have been received in the course of employment and it must have arisen out of the employment. Fisher v. Mayfield (1990), 49 Ohio St.3d 275,277, 551 N.E.2d 1271. The Court, in Fisher, further defined the two prongs: "The `in the course of' prong is construed to relate to the time, place and circumstance of the injury, while the `arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." Id.
 {¶ 18} There is no dispute that appellant was injured in the course of his employment. Thus, at issue in the case sub judice is whether or not a causal connection exists between the appellant's employment and his injury. While appellee asserts that appellant's injury was an idiopathic injury and is, therefore, not causally connected to his employment, appellant disagrees.
 {¶ 19} As a general rule, an injury which results from an idiopathic condition is not compensable. Waller v. Mayfield (1988), 37 Ohio St.3d 118,123, 524 N.E.2d 458. Idiopathic, for workers' compensation purposes, refers to "an employee's preexisting physical weakness or disease which contributes to the accident." Id. at fn 3. However, if an idiopathic injury occurs and there was some condition or hazard of the employee's employment that created an increased risk of injury, then the idiopathic injury is compensable. See Indus. Comm. v. Nelson (1933), 127 Ohio St. 41,46, 186 N.E. 735[1] and Grubbs v. Administrator, Bureau of Workers'Comp. (April 9, 1998), Ashland App. No. CA 1236, 1998 WL 517693.[2]
 {¶ 20} Thus, the initial issue for determination is whether appellant's injury was the result of an idiopathic condition. Appellant's hospital records from December 14, 2002, state, under "history of present illness", as follows: "This is a 56-year-old gentleman who has a two-week-history of left knee pain. He does not know any specific incident, which caused his knee pain and was convinced that he was going to see a doctor this week if the pain did not resolve. The patient states that he was at work today when he was walking down steps and suddenly his left knee gave way." Moreover, appellant, in his affidavit of May 7, 2003, stated that, as he was coming down the stairs, his left knee "became real painful and started to buckle and twist", causing appellant to grab hold of the railing. Appellant, in his affidavit, further stated that he told the doctor's assistant at the hospital that he had had pain in his left knee for about two weeks prior to December 14, 2002, "but I did not tell them that I also had pain in my right knee and all over my upper body."
 {¶ 21} Based on the foregoing, we find that there was no genuine issue of material fact with respect to whether appellant's injury was the result of an idiopathic condition. Upon review of the record, it is clear that appellant had pre-existing left knee problems and that such problems caused his knee to "buckle and twist" on the date in question.[3]
 {¶ 22} The next issue for determination is whether there was a condition or hazard of appellant's employment which created an increased risk of injury. See Waller, supra. and Grubbs, supra. Appellant, in his brief, argues that his actions in hurrying down the stairs on the date in question in order to attend the company Christmas party that afternoon was such a condition or hazard. We, however, disagree. There is no evidence or allegation in the case sub judice that the stairs were unsafe or hazardous or that appellant was required to hurry. Appellant's actions in "hurrying" down the stairs clearly do not amount to a condition or hazard of his employment, but rather constitute a condition or hazard created by appellant himself.
 {¶ 23} Based on the foregoing, we find that the trial court did not err in granting appellee Bureau of Workers' Compensation's Motion for Summary Judgment.
 {¶ 24} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 25} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] In Nelson, the claimant suffered an epileptic seizure, fell, struck his head against a bolt holding a machine to the floor, and suffered serious injury. The court held that the injury was compensable since the bolt was an added risk of the employment environment. Nelson, supra, at 47.
[2] In Grubbs, an employee choked to death while working in an orchard. This Court held that the employee's death was not compensable since there was no evidence that any condition of employment caused the choking or that the employment significantly contributed to the injury "by placing the employee in a position which increased the dangerous effects of the choking." Id. at 3.
[3] See Jones v. Mayfield (Feb. 27, 1990), Marion App. No. 9-88-33,1990 WL 20063. In Jones, an employee felt a pull in her lower back while bending over to pick up a tray of baked goods in a store bakery. She had not yet picked up the tray.
After her employer filed a Motion for Summary Judgment, the trial court granted the same. On appeal, the Third District Court of Appeals, affirmed. In affirming the decision of the trial court, the court noted that the employee, who had had previous problems with her back and neck and had osteoporosis in her lower back, had failed to eliminate idiopathic causes for her injury.