[Cite as *Miller v. Horizons Health Servs., L.L.C.*, 2017-Ohio-465.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104423**

---

## LILLIE MILLER

PLAINTIFF-APPELLANT

vs.

## HORIZONS HEALTH SERVICES, L.L.C., ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-848405

**BEFORE:** Celebrezze, J., Keough, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 9, 2017

**ATTORNEY FOR APPELLANT**

Mitchell A. Stern
Mitchell A. Stern, L.P.A.
27730 Euclid Avenue
Cleveland, Ohio 44132


**ATTORNEYS FOR APPELLEES**

**For Horizons Health Services, L.L.C.**

Michael J. Reidy
Chad Aaron Fine
Ross Brittain & Schonberg Co., L.P.A.
6480 Rockside Woods Boulevard, South
Suite 350
Independence, Ohio 44131

**For Bureau of Workers' Compensation**

Mike DeWine
Ohio Attorney General
By:     Lisa A. Reid
Assistant Attorney General
Bureau of Workers' Compensation
20 W. Federal Street, 3rd Floor
Youngstown, Ohio 44503

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Plaintiff-appellant, Lillie Miller ("Miller"), brings this appeal challenging the trial court's order granting summary judgment in favor of defendants-appellees, Horizons Health Services, L.L.C. ("Horizons") and the Bureau of Workers' Compensation ("BWC"),[1] regarding Miller's claim for workers' compensation. Specifically, Miller argues that the trial court erred by concluding that the conditions of her employment did not increase her risk of injury. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** Miller is employed by Horizons as a licensed practical nurse ("LPN"). Miller's employment requires her to travel to the residences of her clients where she performs nursing services.

**{¶3}** On December 17, 2014, Miller was scheduled to visit a client at East 124th Place in Cleveland. As Miller was traveling to the client's residence, she lost consciousness at a stop light at the intersection of Noble Road and Euclid Avenue. Miller's vehicle crashed into a light pole and, as a result, she suffered fractures to her left tibia and left fibula.

**{¶4}** Miller was treated at University Hospitals on the day of the accident. The medical staff determined that Miller had a syncopal episode[2] while driving.

---

[1] The BWC is acting on behalf of Horizons for purposes of this appeal.

[2] Syncope, which causes dizziness and fainting, is "a temporary loss of consciousness due to

{¶5} In January 2015, Miller filed a claim for workers' compensation benefits. Miller provided the following description of the accident on her application: "waiting [at] light next thing I remember is waking up hitting the pole (passed out [at] light)[.]" Miller's claim was denied in an administrative order issued on February 13, 2015. On February 23, 2015, Miller appealed the denial of her claim.

{¶6} On March 20, 2015, the Industrial Commission of Ohio ("Commission") denied Miller's claim, concluding, in relevant part:

> [Miller] has failed to establish by a preponderance of the evidence that the injuries sustained in the motor vehicle accident * * * have been established to be in the course of and arising out of her employment with the employer of record.

> The records from University Hospitals provide [Miller] indicated that she has a history of passing out as well as being treated for blood pressure issues. There is a statement that she had not taken her blood pressure medication because of dizziness.

> * * *

> This order is based on the failure of [Miller] to eliminate idiopathic causes for her losing consciousness which ultimately resulted in her striking a pole. [Miller] indicated she is a diabetic as well as she is being treated for blood pressure issues. It appears [Miller] lost consciousness for an unexplained reason.

{¶7} Miller appealed the Commission's ruling. On April 28, 2015, the Commission upheld the denial of Miller's claim, concluding, in relevant part:

> proof on file fails to indicate that the injuries sustained in the motor vehicle accident were in the course of and arising out of employment with the employer of record. Additionally [Miller] was unable to eliminate

---

low blood pressure." *Corsaro v. ARC Westlake Village, Inc.*, 8th Dist. Cuyahoga No. 84858, 2005-Ohio-1982, ⸺ 22.

idiopathic causes for her losing consciousness which caused her to strike a pole resulting in her injury.

Miller challenged the Commission's affirmance, but the Commission declined to accept Miller's appeal on May 15, 2015.

{¶8} On July 17, 2015, Miller filed an appeal in the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512. Miller challenged the Commission's finding that her injury was idiopathic in nature and noncompensable. Both the BWC and Horizons, the appellees in the instant matter, filed answers and motions for summary judgment thereafter. The trial court granted Horizons' motion for summary judgment on March 14, 2016.

{¶9} In support of its motion for summary judgment, the BWC argued that Miller's injuries were idiopathic and did not arise out of her employment under R.C. 4123.01(_). Miller filed a brief in opposition to the BWC's motion for summary judgment on April 1, 2016.

{¶10} On April 11, 2016, the trial court granted the BWC's motion for summary judgment, concluding that Miller failed to meet her burden of eliminating any idiopathic cause of her injury and that the conditions of Miller's employment did not increase the risk of injury.

{¶11} Miller filed the instant appeal assigning one error for review:

I. The trial court erred in granting the [BWC's] motion for summary judgment by finding that [Miller's] conditions of employment did not increase the risk of injury when [Miller] struck a light pole.

**II. Law and Analysis**

## A. Standard of Review

{¶12} This court reviews an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

{¶13} Pursuant to Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

{¶14} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. However, if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id*. at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id*.

## B. Workers' Compensation Benefits

{¶15} "To be eligible for workers' compensation, a worker must show that an injury occurred both 'in the course of' employment and that it 'arises out of' that

employment." *Rosado v. Cuyahoga Metro. Hous. Auth., Inc.*, 8th Dist. Cuyahoga No. 87922, 2007-Ohio-1164, _ 8, citing *Ruckman v. Cubby Drilling, Inc.*, 81 Ohio St.3d 117, 121, 689 N.E.2d 917 (1998), and *Fisher v. Mayfield*, 49 Ohio St.3d 275, 277, 551 N.E.2d 1271 (1990); *see also* R.C. 4123.01(_).   In the instant matter, it is undisputed that Miller's injuries occurred in the course of her employment.   The issue before the trial court at the summary judgment stage was whether Miller's injuries arose out of her employment.

{¶16} In *Fisher*, the Ohio Supreme Court explained that the "in the course of" element pertains to the time, place, and circumstances of the injury; the "arising out of" element pertains to a causal connection, if any, between the injury and the employment. *Id*. at 277-278.   This court construes the "arising out of" employment element considering the totality of the circumstances to determine whether a causal connection exists between Miller's injury and her employment.   *Id.* at 277, citing *Lord v. Daugherty*, 66 Ohio St.2d 441, 423 N.E.2d 96 (1981).

{¶17} A claimant's failure to satisfy both the "in the course of" employment and "arising out of" employment elements precludes recovery under the Workers' Compensation Act.   *Fisher* at 277.   Pursuant to R.C. 4123.95, "[w]orkers' compensation statutes must be liberally construed in favor of the employee."   *Harris v. Custom Graphics, Inc.*, 8th Dist. Cuyahoga No. 84326, 2005-Ohio-285, _ 8.

### C. Idiopathic Injuries

{¶18} In its motion for summary judgment, the BWC argued that Miller's injuries were idiopathic and, thus, did not arise out of her employment under R.C. 4123.01(_). Furthermore, the BWC argued that no employment duty or hazard of the roadway increased the dangerous effects of Miller's accident.

{¶19} In *Bahr v. Progressive Cas. Ins. Co.*, 8th Dist. Cuyahoga No. 92620, 2009-Ohio-6641, this court explained that an idiopathic injury is "an injury that arose from circumstances particular to an individual employee, rather than out of a risk related to the employment." *Id.* at _ 32, citing *Dailey v. AutoZone, Inc.*, 11th Dist. Trumbull No. 99-T-0146, 2000 Ohio App. LEXIS 4574 (Sept. 29, 2000), *Duvall v. J & J Refuse*, 5th Dist. Stark No. 2004CA00008, 2005-Ohio-223, *Eggers v. Indus. Comm.*, 157 Ohio St. 70, 104 N.E.2d 681 (1952), *Evans v. Mihm*, 11th Dist. Trumbull No. 92-T-4644, 1992 Ohio App. LEXIS 4571 (Sept. 4, 1992), and *Stanfield v. Indus. Comm.*, 146 Ohio St. 583, 67 N.E.2d 446 (1946). Furthermore, the Ohio Supreme Court has explained:

> the term "idiopathic" is defined as "peculiar to the individual." Webster's Third New International Dictionary (1986) 1123. For workers' compensation purposes, idiopathic refers to an employee's pre-existing physical weakness or disease which contributes to the accident. 1 Larson, The Law of Workmen's Compensation (1985) 3-308, Section 12.00.

*Waller v. Mayfield*, 37 Ohio St.3d 118, 524 N.E.2d 458 (1988), fn. 3.

{¶20} In cases involving unexplained accidents and injuries, courts distinguish between neutral injuries that have "no particular employment or personal character" and idiopathic injuries that are precipitated by an existing physical condition of the employee. *Waller* at 122. In the case of neutral injuries, where the injured employee does not have

an existing medical condition, the Ohio Supreme Court has held that "the claimant has the burden of eliminating idiopathic causes." *Id*. at 125. If the employee meets this burden, a presumption arises that the injury was caused by something in the work conditions or environment. *Id*. at paragraph three of the syllabus.

{¶21} On the other hand, idiopathic injuries arising from causes independent of employment are generally not compensable. *Id*. at 123. In order for the idiopathic injury to be compensable, the employee must show that although the workplace conditions or environment did not cause the injury, the conditions or environment caused the employee to suffer worse injuries. *Id*. An idiopathic injury is compensable "if the employment significantly contributed to the injury by placing the employee in a position which increased the dangerous effects of the [accident]." *Id*., citing *Indus. Comm. of Ohio v. Nelson*, 127 Ohio St. 41, 186 N.E. 735 (1933).

{¶22} In support of its motion for summary judgment, the BWC submitted Miller's medical report from University Hospitals. The hospital's report included a history of present illness ("HPI") which provided, in relevant part:

> This is a 61-year-old female with a history of type 2 diabetes and hypertension, who had a syncopal episode while driving. She said that she has not been taking her blood pressure medication for the past couple of days because it made her dizzy. * * * She said she lost consciousness while driving and had a single motor vehicle accident. * * * Her blood glucose she said this morning was 80s, which is low for her, but she did not eat

breakfast before leaving.

The report also included an addendum, which provided, in relevant part:

> [Miller] says she was feeling fine earlier today, was driving her car at a stoplight. Next thing she knows she was in a car accident. Apparently, she woke up as she was hitting a pole. * * * She does not remember the accident. She had no premonition of syncope. * * * She has passed out before, but she has always had the sensation that she was about to pass out, but today she never had that sensation.

**{¶23}** In order for Miller's claim to survive the BWC's summary judgment motion, she had the burden to produce evidence, pointing to specific facts, that her injuries were either nonidiopathic or that a condition, risk, or hazard of her employment made her injuries worse.

**{¶24}** In opposing the BWC's motion for summary judgment, Miller argued that she suffered her injuries in the course of her employment, which the BWC conceded. Miller further argued, without identifying any specific conditions, that the conditions of her employment significantly contributed to the risk of injury. She compared the light pole into which her vehicle crashed to the welding machine in *Nelson*.

**{¶25}** Miller relied on her deposition testimony in opposing the BWC's motion for summary judgment. She provided the following account of the incident during her deposition: "I remember sitting at the light, waiting on the light to change at the intersection. The next thing I remember was waking up due to the airbags and hitting a pole." (Tr. 36.)

**{¶26}** The record reflects that Miller failed to meet her burden of setting forth specific facts showing that there was a genuine issue of material fact for trial. Miller did

not dispute that her injuries were idiopathic. She failed to point to specific facts in the record that show a condition, risk, or hazard of her employment that caused or contributed to her injuries. Rather, she merely suggested that driving was a hazard or risk incident to her employment.

{¶27} Miller's reliance on *Nelson*, both in opposing the BWC's motion for summary judgment and in the instant appeal, is misplaced. There, an employee suffered an epileptic seizure during which he fell and struck his head on a welding machine at which he was working. *Nelson*, 127 Ohio St. at 42, 186 N.E. 735. The fall caused a concussion from which the employee died the following day. *Id*. The Ohio Supreme Court held that the employee's injury was compensable because the injury was sustained in the course of the employee's employment and arose out of his employment. *Id*. at paragraph three of the syllabus.

{¶28} In the instant matter, Miller contends that "[h]itting a light pole and fracturing [her] bones is akin to hitting one's head on a spot welding machine and sustaining a concussion." Appellant's brief at 7. We disagree. Unlike *Nelson*, where the welding machine at which the employee was working constituted an added risk or hazard incident to employment, the light pole is entirely unrelated to Miller's employment and, thus, is not a condition attendant to her employment. Regarding the roadway on which Miller was traveling, there is no evidence, nor does Miller claim, that the roadway was unsafe in any way.

{¶29} The instant matter is more akin to *Stanfield*, 146 Ohio St. 583, 67 N.E.2d 446 than *Nelson*. In S*tanfield*, an employee fell and struck his head on the cement floor of an employee rest room after suffering a heart attack. *Id*. at 584. The court found the matter to be distinguishable from *Nelson*, and concluded that the employee's injury was not compensable because falling on the rest room floor was neither an added risk nor a hazard incident to his employment:

> [t]he *Nelson* and the instant cases are readily distinguishable. In [*Nelson*] the employee was working at the welding machine which clearly constituted an added risk or hazard incident to the employment. The injury not only occurred in the course of the employment but it also arose out of the employment. In the instant case the floor was in no sense an added risk or hazard incident to the employment. The [employee's] head simply struck the common surface upon which he was walking — an experience that could have occurred to him in any building or on the street irrespective of his employment. *The fall resulted from the seizure alone and not from any circumstance of his employment*. Concededly to entitle a claimant to compensation there must be an accidental injury not only in the course of but also arising out of the employment. Evidence of an injury arising out of the employment is not disclosed by the record in this case.

(Emphasis added.) *Id*. at 585-586.

{¶30} In the instant matter, the roadway and the light pole were in no sense an added risk or hazard incident to Miller's employment. Miller's vehicle simply stuck a common obstacle adjacent to the roadway upon which she was driving. Miller's experience could have occurred at any time or on any street, irrespective of her employment. Miller's vehicle could have struck any common obstacle on or adjacent to the roadway, including, but not limited to, other vehicles, mail boxes, posted signs, or medians. Furthermore, Miller could have sustained the same injuries to her leg if she

suffered the syncopal episode while she was walking, rather than driving.

**{¶31}** In *Heuring v. Meijer, Inc.*, 6th Dist. Lucas No. L-09-1243, 2010-Ohio-1598, the court explained that the idiopathic injury exception "is not limited to contact with inherently dangerous machines, simply contact that, but for the employment, would not have occurred." *Id*. at ¶ 18. In the instant matter, we cannot say that but for Miller's employment, she would not have crashed into the light pole. As previously noted, the light pole is not a condition attendant to Miller's employment, nor was the light pole an added risk or hazard incident to her employment. Miller's accident resulted from her syncopal episode alone and not from any circumstance of her employment.

**{¶32}** Based on Miller's failure to point to specific facts demonstrating a genuine issue of material fact regarding either the nonidiopathic cause of her injuries or a condition of her employment that contributed to her injuries, the trial court properly granted summary judgment in the BWC's favor. Although Miller's injuries occurred in the course of her employment, the record reflects that Miller's injuries were idiopathic and did not arise out of her employment. Thus, Miller's injuries are noncompensable.

**{¶33}** Miller's sole assignment of error is overruled.

### III. Conclusion

**{¶34}** After thoroughly reviewing the record, we find that the trial court properly granted summary judgment in favor of Horizons and the BWC on Miller's workers' compensation claim. Miller's injuries were idiopathic in nature, resulting from her syncopal episode alone and not from any circumstance of her employment.

Furthermore, there is no evidence demonstrating that a condition or hazard of Miller's employment created an increased risk of injury such that her idiopathic injuries would be compensable.

{¶35} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR