**CHILDERS, Appellant,**

v.

**WHIRLPOOL CORPORATION, Appellee, et al.**

[Cite as *Childers v. Whirlpool Corp.* (1995), 106 Ohio App.3d 52.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–95–8.

Decided Aug. 24, 1995.

---

*John P. Firstenberger*, for appellant.

*J. Roy Nunn*, for appellee Whirlpool Corporation.

Evans, Judge.

Janala Childers, appellant, appeals from summary judgment granted against her in her action to participate in the Workers' Compensation Fund following the death of her husband. For the reasons that follow, the judgment of the trial court is affirmed.

I

The undisputed facts, taken in a light most favorable to the appellant, follow. On October 22, 1990, Rondal R. Childers, appellant's decedent, arrived at work at the Whirlpool Corporation, appellee, approximately one-half hour before his shift commenced and reported to the plant dispensary complaining of pain in his shoulder and neck. At the dispensary, the decedent requested that the nurse on duty, Linda Hill, R.N., check his blood pressure. The decedent also told Nurse Hill that he felt pain in his throat or neck. When Hill asked the decedent to lie down on an examining table, he declined, indicating that it hurt to lie down.

According to Hill's deposition testimony and her affidavit submitted in support of the appellee's motion for summary judgment, she asked the decedent whether he was aware that his symptoms "were a warning sign." According to Hill, the decedent did not respond to her question. Hill then asked the decedent if she should call for equipment to better diagnose his condition. He refused this suggestion. Hill's deposition testimony and affidavit indicate that the decedent's blood pressure, pulse, and skin color were normal. The decedent left the dispensary, completed his shift and went home.

While at home, he collapsed and died from an acute myocardial infarction. On October 20, 1992, the appellant filed her C–2 application for workers' compensation death benefits. The appellee, a self-insured employer, declined to certify her claim. The appellant exhausted her administrative remedies and, pursuant to R.C. 4123.519, timely filed her complaint and notice of appeal with the Court of Common Pleas of Marion County.

On November 9, 1994, the appellee moved for summary judgment. The appellee contended that an alleged failure to diagnose the decedent's heart attack was not a compensable injury under R.C. 4123.01. The appellee also argued that the appellant's failure to produce any evidence that an alleged failure to diagnose was causally connected to the decedent's heart attack precluded compensability. In its motion package for summary judgment, the appellee attached the affidavit of Nurse Hill.

Hill's affidavit attested to her qualifications, stated that the treatment and advice given to the decedent was in accordance with all accepted medical or

nursing standards, stated that at no time did her conduct deviate from accepted medical or nursing standards, and further stated that she did not hasten the decedent's heart attack or death.

In her brief in opposition to summary judgment, the appellant asserted that Hill's failure to render proper treatment for the decedent "significantly contributed to his death by placing him in a position which increased the dangerous effects of his condition and placed him at greater risk than he or anyone else in the same circumstances would have encountered elsewhere." In support of this proposition, the appellant included the affidavit of Ronald A. Landefeld, M.D. After reviewing Nurse Hill's deposition testimony, the decedent's medical records, the appellant's affidavit, and the death certificate, Dr. Landefeld concluded with reasonable medical certainty that the care given by Hill was medically inappropriate and significantly contributed to the death of Rondal Childers.

In granting summary judgment in favor of the appellee, the trial court ruled that the appellant had not suffered a compensable injury within the meaning of R.C. 4123.01. Furthermore, the trial court determined that the appellant had failed to submit admissible evidence on the issue of medical causation.

From this judgment the appellant brings this appeal.

## II

The appellant asserts two assignments of error for our review:

### Assignment of Error No. One

"The trial court erred in its determination that Appellant's decedent suffered no injury upon which a claim under the workers' compensation act could be predicated."

### Assignment of Error No. Two

"The court erred in [its] finding that Appellant failed to submit admissible evidence on medical causation."

Pursuant to App.R. 3(C)(2) the appellee asserts the following two cross-assignments of error:

### Cross–Assignment of Error No. One

"The trial court erred to the extent it failed to exclude Dr. Landefeld's affidavit pursuant to Evidence Rule 703."

### Cross–Assignment of Error No. Two

"The trial court erred to the extent it failed to hold that Dr. Landefeld is incompetent to testify as a medical witness under R.C. 2743.43."

Summary judgment may be properly granted where "(1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion; and (4) viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 520, 634 N.E.2d 608, 610–611, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. This court reviews the evidence *de novo.* *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 214–215.

The appellant's first assignment of error challenges the trial court's determination that the decedent did not suffer an "injury" within the meaning of the workers' compensation statute. The trial court concluded that Hill's alleged "failure to provide medically appropriate treatment" did not result in a compensable injury as a matter of law. For somewhat different reasons, we affirm the trial court's judgment.

It is undisputed that the decedent's heart attack was unrelated to his employment and would not, therefore, be compensable under the workers' compensation statute. The appellant argues, however, that although the heart attack itself is not a compensable injury, the subsequent medical treatment alleged to have been negligently provided by the decedent's employer for the decedent's noncompensable injury resulted in an injury compensable pursuant to the workers' compensation statute. We disagree with appellant's assertion, and find the argument not well taken.[1]

For purposes of workers' compensation, " '[i]njury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Under R.C. 4123.01(C)(2), "injury" does not include "injury or

---

1. This opinion should not be construed to mean that negligent medical treatment, delivered subsequent to a heart attack which is other than work-related, is not compensable. We merely hold in this case that injury resulting from a non-employment-related heart attack is not compensable under R.C. Chapter 4123.

disability caused primarily by the natural deterioration of tissue, an organ, or part of the body."

The requirement of R.C. 4123.01(C) that the injury be received "in the course of" and "arising out of" employment is phrased in the conjunctive and "each prong of the formula must be * * * satisfied before compensability will be allowed." *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1274. "The 'in the course of' prong is construed to relate to the time, place, and circumstances of the injury, while the 'arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." *Id.* Since there was a complete failure of proof on the second prong, the trial court correctly granted summary judgment in favor of the appellee.

The appellant does not allege that any condition of her husband's employment caused his heart attack. In the absence of any allegation or evidence that the decedent's heart attack was caused or accelerated by physical or mental stresses brought on by his employment, we must conclude that the decedent's actual heart attack would not be compensable, as it was unrelated to his employment. See R.C. 4123.01(C)(2). We therefore reject the appellant's contention that an injury caused by Hill's allegedly negligent treatment of a noncompensable injury is compensable under the workers' compensation statute.

In *Evans v. Mihm* (Sept. 4, 1992), Trumbull App. No. 92–T–4644, unreported, 1992 WL 213125, the Court of Appeals for Trumbull County addressed facts identical to those currently before us and held:

"Appellant's failure to allege that decedent's employment caused his heart attack, and the subsequent failure to introduce evidence thereof in response to appellee's properly raised motion for summary judgment, justify the trial court's grant of summary judgment. A contrary result would effectively elide from the statute any requirements that the employment be causally connected to the employee's injury; this is not a proper judicial activity.

"Further, a contrary result would circumvent R.C. 4123.01(C)(2), which states that injuries or disabilities which are caused primarily by the natural deterioration of tissue, an organ or part of the body are not compensable. If compensation were payable for the negligent treatment of an injury which would otherwise not be compensable, a worker would be entitled to benefits not otherwise available simply because the injury manifested itself at the workplace. The compensation for an injury should not be determined by the fortuity of its manifestation at the worksite. A noncompensable injury is unfortunate; compensating a noncompensable injury is unlawful."

We find the reasoning of the *Evans* court persuasive. The issue in this case is whether compensation is payable for an employer's alleged negligent treatment of

a noncompensable injury. The appellant submits that a non-work-related injury is compensable if the care which is given to the employee and provided by his employer is the causal factor in his death and the care is "received in the course of, and arising out of, the injured employee's employment." We reject this argument.

Because the appellant does not allege that her husband's employment caused his heart attack, we conclude that summary judgment was appropriate due to the appellant's failure to demonstrate a causal connection between her husband's employment and his heart attack. See *Shively v. Jeep Corp.* (July 24, 1987), Lucas App. No. L–86–212, unreported, 1987 WL 14415 (delay in obtaining aid for heart attack victim is not within the definition of an "injury" under R.C. 4123.01[C]). Cf. *Nadolny v. Owens–Illinois, Inc.* (Apr. 29, 1994), Wood App. No. 93WD055, unreported, 1994 WL 159770. The appellant's first assignment of error is overruled.

Given our disposition of the appellant's first assignment of error, the appellant's second assignment of error and the appellee's two cross-assignments of error are rendered moot. See App.R. 12(A)(1)(c).

## III

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment affirmed.*

HADLEY, J., concurs.

SHAW, J., concurs in judgment only.

SHAW, Judge, concurring in judgment only.

I agree with the trial court that the medical evidence submitted by appellant is insufficient to establish a genuine issue of material fact as to Nurse Hill's role in the causation of death in this case. For this reason alone, I concur in the judgment of this court affirming the granting of summary judgment in favor of the appellee. There would seem to be no reason to go further in deciding this case and I have some difficulty with the posture the majority has taken in doing so.

In particular, I do not agree with the majority's conclusion that negligent medical treatment offered by an employer for certain injuries or conditions could never constitute a compensable injury under the workers' compensation statute as a matter of law. Nor do I join the majority in subscribing to the rationale of the Trumbull County Court of Appeals in the *Evans* decision, which, in my view,

establishes a separate (and lower) standard of employee medical care for medical conditions which might later be determined to be outside the workers' compensation statute.

Finally, if the majority must address this case in terms of defining a "compensable injury" under the workers' compensation system, I believe the approach followed by the Sixth District Court of Appeals in *Nadolny v. Owens–Illinois, Inc.* is the better one to be adopted by this court. Under that decision, if employer-provided medical treatment significantly contributes to the employee's death by placing him in a position which increased the dangerous effects of even an idiopathic medical condition or injury and places him at a greater risk than he or anyone else in the same circumstances would have encountered elsewhere, then that treatment would constitute a condition or hazard of employment rendering the condition or injury compensable under the workers' compensation statute.