**BROWN, Appellant,**

v.

**UPPER SANDUSKY SCHOOLS et al., Appellees.**

[Cite as *Brown v. Upper Sandusky Schools* (2000), 139 Ohio App.3d 448.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–99–13.

Decided Oct. 13, 2000.

*Richard R. Brown, pro se.*

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee Administrator, Bureau of Workers' Compensation.

*Scott, Scriven & Wahoff* and *Daniel J. Brake,* for appellee Upper Sandusky Schools.

SHAW, Judge.

Plaintiff Richard R. Brown appeals the judgment of the Court of Common Pleas of Wyandot County denying his motion for summary judgment and granting summary judgment in favor of the defendants, the Ohio Bureau of Workers' Compensation and the Upper Sandusky Exempted Village School District.

Plaintiff was a teacher with the Upper Sandusky School District. On March 8, 1994, during a meeting with school superintendent Dr. James McGlamery, plaintiff heard a ringing in his ear and began to feel ill. Later that afternoon, he was taken to a hospital and was diagnosed as having suffered a myocardial infarction, commonly known as a "heart attack."

Plaintiff subsequently filed an application for workers' compensation benefits, asserting that he had a right to medical benefits because his myocardial infarction was the result of a work-related injury, precipitated by the stress he had endured from the meeting with Dr. McGlamery. Plaintiff's claim for benefits was eventually denied by the Bureau of Workers' Compensation, and, pursuant to R.C. 4123.512, he timely filed a complaint and notice of appeal with the Court of Common Pleas of Wyandot County. On May 28, 1999, plaintiff filed a motion for summary judgment, and on July 14, 1999, defendants filed a counter-motion for summary judgment. A hearing was held on the matter on October 15, 1999. By judgment entry of November 15, 1999, the trial court denied the plaintiff's motion for summary judgment and granted judgment in favor of the defendants. Plaintiff now appeals, and asserts six assignments of error regarding the trial court's judgment:

"The court erred in granting the cross motion for summary judgment, as a genuine issue of material fact existed.

"The court erred in not granting the appellant–plaintiff's motion for summary judgment, as no genuine issue of material fact existed, to deny said motion.

"The court erred in the [sic] dismissing the appellant–plaintiff's motion for summary judgment, without regard to due process of law and the equal protection of the law.

"The court erred in granting Defendant's motion for summary judgment, because the facts and the evidence clearly shows [sic] that the plaintiff, [sic] was injured during the coarse [sic] of his employment and as a cause thereof.

"The court has erroneously participated with defendant in denying appellant–plaintiff claim. thus, [sic] the court has provided for and awarded unjust enrichment to the defendants, based upon deliberate misrepresentations.

"The court denied the appellant–plaintiff his day in court as guaranteed by the United States Constitution and the laws thereunder, when the court granted defendants' motion for summary judgment, and not allowing the case to be tried by a jury."

As all of the plaintiff's assignments of error assert that the trial court erred in denying his motion for summary judgment and in granting summary judgment in favor of the defendants, we will address them together.[1] We begin by observing that in considering an appeal from a grant of a summary judgment, we review the motion for summary judgment independently and do not give deference to the

---

1. We note that the plaintiff's brief failed to comply with the requirements of Local Rule 7 and App.R. 16, including, but not limited to, the failure to set forth a sufficient statement of the

trial court's determination. See *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388, 1389–1390. Accordingly, we apply the same standard for summary judgment as did the trial court. See *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. See Civ.R. 56(C). See, also, *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196, 1201–1203. To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. See *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273–274. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. See Civ.R. 56(C).

■ Having set forth the proper standard of review, we now turn to the merits of the plaintiff's claims. The record reveals that on May 28, 1999, plaintiff moved for summary judgment on the basis that no genuine issues of material fact remained to be litigated and that he was entitled to judgment as a matter of law. In his motion, plaintiff cited no legal or factual support for his contentions. He therefore failed to meet his initial burden on *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d at 273–274, because he could not establish that he was entitled to judgment as a matter of law. Thus, the trial court properly denied plaintiff's motion for summary judgment.

■ However, plaintiff also asserts that the trial court erred by granting summary judgment in favor of the defendants. Initially, we note that for purposes of workers' compensation, " '[i]njury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). However, the definition of "injury" does not include "[i]njury or disability caused primarily by the natural deterioration of tissue, an organ, or part of the body." R.C. 4123.01(C)(2). The requirement that the injury be received "in the course of" and "arising out of" employment is phrased in the conjunctive, and "each prong of the formula must therefore be satisfied before

---

issues presented for review, a statement of the facts, and a statement of the case. Nonetheless, we have addressed the plaintiff's assigned errors.

.

compensability will be allowed." *Fisher v. Mayfield* (1990), 49 Ohio St.3d 275, 277, 551 N.E.2d 1271, 1274. "The 'in the course of' prong is construed to relate to the time, place, and circumstances of the injury, while the 'arising out of' prong is interpreted as referring to a causal connection between the employment and the injury." *Id.* Finally, we note that when determining whether the record demonstrates a disputed issue of material fact as to whether the injury occurred "in the course of" and "arising out of" the plaintiff's employment, we are mindful that workers' compensation laws are construed liberally in favor of employees. *Id.* at 278, 551 N.E.2d at 1274–1275, citing R.C. 4123.95.

▮ In the case herein, the trial court granted summary judgment in favor of the defendants by concluding that plaintiff had failed to present sufficient evidence on both prongs of the R.C. 4123.01(C) test. First, the trial court held that the record contained no evidence tending to establish that plaintiff's injury "arose out of" his employment. However, an affidavit filed August 12, 1999, by plaintiff's physician states that "[t]here was no pre-existing heart disease prior to [the date of appellant's heart attack] and the diagnoses made [are] that the heart attack and attack of Meniere's Disease [were] the direct and proximate result of the claimant's employment with his employer." Affidavit of Kyu Park, M.D., at paragraph 3. While this testimony may be refuted at trial, it is clearly enough to establish a disputed issue of material fact as to causation, sufficient to overcome a motion for summary judgment. Cf. *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d at 273–274. We therefore believe that the trial court's judgment that plaintiff had failed to present sufficient evidence that his injury "arose out of" his employment was erroneous.

▮ The trial court also held that the plaintiff's heart attack was not suffered "in the course of" his employment, as is required pursuant to R.C. 4123.01(C). The record reveals that during his meeting with the superintendent, plaintiff discussed several issues relating to the teachers' union, and that he was acting in part as a union representative while doing so. While the record indicates that this discussion of "union business" was not the sole purpose of the meeting, the trial court seized upon this evidence in making its determination that plaintiff was not acting in the course of his employment, stating:

"By the Plaintiff's own statement he was engaged in union activity and even the *Millicron* case isn't gonna overrule this thing. Uh, where the guy is going up the road and he has an accident and sues *Millicron.* Remember that? *Cincinnati Millicron* case, goes back to what? When I was a boy. Don't get laughing there too fast.

"But, by his own statement he was working for somebody else. He was working for members of the school, the other teachers, the other employees of the district, but he was not working for the school district. I, I—we've all taught

school. My wife is a retired school teacher and, uh—you gotta be an employee and you gotta be injured during the course of employment. Uh, Frank Celebreeze [*sic*] notwithstanding, that case does not apply here and it will not apply here, and you got summary judgment." Transcript of Hearing on Motions for Summary Judgment, at *42.

It is undisputed that plaintiff's conversation with the school superintendent dealt with *employment matters,* was *during work hours,* occurred *at the workplace,* in conjunction with a discussion *with management.* See, *e.g.,* May 24, 1996 Affidavit of Dr. James McGlamary, at paragraphs 5–7. In effect, the trial court *sua sponte* held that a school teacher who also has a representative capacity with a teachers union, discussing employment matters with a school superintendent, during work hours, at school, is engaged in union activity and is therefore acting outside the scope of his employment and not covered by workers' compensation. The trial court's ruling on this issue is without precedent and endorses the erroneous presumption that union representatives are not covered under worker's compensation for the work-related injuries they sustain.

This court has previously held that an injured party who fails to demonstrate a causal connection between his employment and his heart attack, when causation is vital to the receipt of workers' compensation benefits, has shown no right to participate in the Workers' Compensation Fund. See *Childers v. Whirlpool Corp.* (1995), 106 Ohio App.3d 52, 58, 665 N.E.2d 256, 259 (majority opinion); *id.* at 58, 665 N.E.2d at 259 (Shaw, J., concurring in judgment). However, the instant case is readily distinguishable from *Childers* on this point, as the affidavit of plaintiff's physician specifically states that plaintiff's heart attack "was the direct and proximate result of the claimant's employment with his employer." Affidavit of Kyu Park, M.D., at paragraph 3. Based on the physician's affidavit, the superintendent's affidavit, and other evidence in the record, we conclude that plaintiff has presented evidence that his heart attack occurred "in the course of" his employment sufficient to overcome a motion for summary judgment. Cf. *Childers,* 106 Ohio App.3d at 58, 665 N.E.2d at 259.

For these reasons, plaintiff's first and fourth assignments of error are sustained. Plaintiff's second and third are overruled, and plaintiff's fifth and sixth assignments of error are overruled pursuant to App.R. 12(A)(1)(c). The trial court's judgment denying summary judgment to the plaintiff is affirmed. The judgment granting summary judgment to the defendants is reversed, and the matter is remanded to the trial court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and WALTERS, J., concur.