OPINION *Page 2 
{¶ 1} Plaintiff-Appellant, Dianna Chappell, appeals from the judgment of the Marion County Court of Common Pleas, granting summary judgment in favor of Defendant-Appellee, Wal-Mart Stores, Inc. On appeal, Chappell argues that the trial court erred in granting summary judgment to Wal-Mart, as genuine issues of material fact exist on the question of whether her injuries arose out of her employment with Wal-Mart, thereby entitling her to workers' compensation benefits. Finding there to be no genuine issue of material fact, we affirm the judgment of the trial court.
 {¶ 2} In May 2007, Chappell filed a claim for workers' compensation benefits. The claim stemmed from an incident during which Chappell, a cashier at Wal-Mart, sustained a broken jaw when she fainted and hit her head on the floor at work after feeling ill for some time. After a hearing, a district hearing officer denied her claim in August 2007, finding that the injury was not sustained in the course of, and did not arise out of, her employment because it was caused by a pre-existing illness unrelated to her working environment.
 {¶ 3} In August 2007, Chappell appealed the decision of the district hearing officer to a staff hearing officer of the Ohio Industrial Commission, who affirmed the decision after a hearing, also finding that the injury did not arise out of her employment. *Page 3 
 {¶ 4} In October 2007, Chappell appealed to the Ohio Industrial Commission, who also denied her appeal.
 {¶ 5} In November 2007, Chappell appealed the denial of her claim by the Ohio Industrial Commission to the Marion County Court of Common Pleas pursuant to R.C. 4123.512, claiming entitlement to workers' compensation benefits because her injury was sustained within the course of, and arose out of, her employment.
 {¶ 6} In May 2008, Chappell was deposed by counsel for Wal-Mart, during which she testified that, in April 2007, while working as a cashier at Wal-Mart, she began to feel ill shortly after beginning her shift at 5:00 p.m.; that she does not know what caused her to feel ill; that, when her scheduled break time arrived at 7:00 p.m., no one came to relieve her; that she continued to work despite the fact that she felt increasingly ill because she was instructed to never leave the cash register until someone had come to relieve her; that, around 7:45p.m., when her relief had yet to arrive, she entered a number into the cash register to call a manager for assistance; that she entered the number three times, but no one came to relieve her; and, that, after several more minutes had passed, she turned on the blinking light at her cashier stand to signal for assistance. Chappell continued that, when no one answered her multiple calls for relief, she attempted to call for help over the store intercom system, but that the system was not working; that she continued to work at her cash register until about 8:15p.m. when she could no *Page 4 
longer tolerate the nausea, and she shut down the register and proceeded to the restroom; that her last customer asked her if she needed assistance in walking to the restroom, but that she declined the assistance; and, that, after turning around to go to the restroom, the next thing she remembers is waking up on the floor about twenty feet from her cash register in a pool of blood.
 {¶ 7} Chappell further testified that she had passed out on the way to the restroom, fell to the floor, and broke her jaw; that she asked several co-workers whether they saw her fall, but that no one observed the incident; and, that some co-workers told her she had tripped over a drain in the floor, and others told her she had simply passed out, but that she does not remember exactly what caused her to fall.
 {¶ 8} During the deposition, counsel for Wal-Mart showed Chappell the store surveillance footage of her fall. After watching the video, Chappell stated that she did not trip over a drain on her way to the restroom because the drain was further back from where she fell, and that she did not hit her head on anything other than the floor when she fell. At no point during the deposition did Chappell assert that the cause of her fall was Wal-Mart's failure to give her a timely break or answer her calls for assistance, or that her sudden illness was related to a working condition.
 {¶ 9} In July 2008, Wal-Mart filed a motion for summary judgment pursuant to Civ. R. 56(B), asserting that there were no genuine issues of material *Page 5 
fact to establish that Chappell was entitled to compensation under Ohio's Workers' Compensation Act because no claim was made or evidence presented that this injury arose out of the her employment as required under R.C. 4123.01(C); because her injury was idiopathic, or based upon a pre-existing condition, and thereby non-compensable; and, because no evidence was presented that employment conditions increased the risk of injury caused by her idiopathic condition.
 {¶ 10} Subsequently, Chappell filed a memorandum in opposition to Wal-Mart's summary judgment motion, asserting that triable issues of fact existed on the issue of whether her injury arose out of her employment because co-workers told her that she tripped on a drain on her way to the restroom; because she may have hit her head on a rack when she fell; and, because "but for" Wal-Mart's failure to properly giver her a scheduled break or answer her calls for assistance, her illness would not have escalated to the level which caused her to pass out and fall. Attached to Chappell's memorandum was her affidavit, in which she swore that a co-worker told her that she may have tripped over a drain on her way to the restroom, thereby causing her to fall; that she believed she hit a rack in the photo department when she fell; and, that if Wal-Mart would have given her a proper break or responded to her multiple requests for relief, her injury would not have occurred. *Page 6 
 {¶ 11} In August 2008, the trial court granted Wal-Mart's motion for summary judgment, finding that no genuine issue of material fact existed to establish that Chappell's illness arose out of her employment. In granting the motion, the trial court made the following findings of fact:
 Although there was some conjecture that the Plaintiff may have tripped over a drain or struck a metal photo display when falling, a video tape revealed that neither had occurred. * * *
 * * *
 In workers' compensation cases involving an unexplained fall, the claimant has the burden of eliminating idiopathic causes. Once idiopathic causes for an unexplained fall have been eliminated, an inference arises that the fall was due to some ordinary risk, albeit unidentified, to which the employee was exposed on the employment premises. Stewart v. B.F. Goodrich Co., 89 Ohio App.3d 35 (Washington Cty. 1993).
 Based on the materials which this Court may properly consider under Civil Rule 56, the Plaintiff has not produced any medical evidence that directly links the Plaintiff's employment as the cause of her syncopal episode. * * *
 * * *
 The Court notes the Plaintiff's argument that her employment with Wal-Mart increased the dangerous effects of her fall, indicating that an employee of Wal-Mart told her that there was a drain that she may have tripped over on the way to the restroom, and that she believed she may have fallen into the rack for the photo studio. However, both these statements are not admissible Civil Rule 56 evidence, as both statements are inadmissible lay evidence of opinion and conjecture, which is not permissible under Evidence Rule 701. * * *
 The Court further notes the Plaintiff's argument that had the Defendant Wal-Mart employees timely given aid prior to the *Page 7 
 fainting incident, that her injury would not have occurred, and this makes the injury tied to her employment, this Court finds said argument to be refuted by the decision * * * in the case of Childers v. Whirlpool Corp., 106 Ohio App.3d 52 (Marion Cty. 1995).
 * * *
 The reasoning of the Childers case is applicable to the case at bar. There has been no showing by any medical testimony that the lightheadedness and weakness felt by the Plaintiff was caused by her employment. The fact that the Plaintiff was not given relief as employer policy indicated does not convert the non-covered illness into a covered illness for workers' compensation purposes.
 {¶ 12} It is from this judgment that Chappell appeals, presenting the following assignment of error for our review.
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT PURSUANT TO OHIO CIVIL PROCEDURE RULE 56 WHEN IN THIS CASE THERE CLEARLY ARE GENUINE ISSUES OF MATERIAL FACTS THAT NEED TO BE DECIDED BY THE TRIER OF FACT.
 {¶ 13} In her sole assignment of error, Chappell contends that the trial court erred in granting summary judgment to Wal-Mart when there were genuine issues of material fact. Specifically, Chappell argues that the issue of whether her injury arose out of her employment should be decided by a jury because evidence was presented to establish that she may have tripped over a drain on her way to the restroom; that she may have hit her head on a rack in the photo department when she fell; and, that Wal-Mart's failure to provide her with a required break and to *Page 8 
respond to her requests for help proximately caused her to faint and sustain injuries. We disagree.
 {¶ 14} Summary judgment orders are reviewed de novo. Hillyer v.State Farm Mut. Auto. Ins. Co. (1999), 131 Ohio App.3d 172, 175. Accordingly, an appellate court will not reverse an otherwise correct judgment merely because the lower court utilized different or erroneous reasons as the basis for its determination. Diamond Wine Spirits, Inc.v. Dayton Heidelberg Distr. Co., 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25, citing State ex rel. Cassels v. Dayton City School Dist. Bd. ofEd., 69 Ohio St.3d 217, 222, 1994-Ohio-92. Summary judgment is appropriate when, looking at the evidence as a whole: (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ. R. 56(C);Horton v. Harwick Chemical Corp., 73 Ohio St.3d 679, 686-687,1995-Ohio-286. All issues in doubt are to be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-59,1992-Ohio-95.
 {¶ 15} The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. In doing so, the moving party is not required to produce any affirmative evidence, but must *Page 9 
identify those portions of the record which affirmatively support its argument. Id. at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. Id.; Civ. R. 56(E).
 {¶ 16} R.C. 4123 governs Ohio's workers' compensation program. In order for an injury to be compensable under workers' compensation law, the injury must have been in the course of the employment and arising out of the employment. R.C. 4123.01(C); Gross v. Leroi Div. DresserIndustries, 3d Dist. No. 17-89-21, 1991 WL 3598. "The `arising out of element * * * contemplates a causal connection between the injury and the employment." Fisher v. Mayfield (1990), 49 Ohio St.3d 275, 277-278. The causal connection between the injury and employment must be that of proximate cause, Aiken v. Indus. Comm. (1944), 143 Ohio St. 113, 117, such that a condition of employment produces "a happening or event which as a natural and continuous sequence produces an injury without which the result would not have occurred." Snyder v. Ford Motor Co., 3d Dist No. 1-05-41, 2005-Ohio-6415, ¶ 31, citing Zavasnik v. Lyons Transp.Lines, Inc. (1996), 115 Ohio App.3d 374, 377.
 {¶ 17} Idiopathic falls, or those which are caused by a pre-existing condition unrelated to employment, and their resulting injuries are non-compensable under workers' compensation law. Waller v. Mayfield
(1988), 37 Ohio St.3d 118, 123, citing Stanfield v. Indus. Comm. (1946),146 Ohio St. 583. *Page 10 
However, if the dangerous effects of the fall and resulting injury were significantly increased due to a condition of employment, then the idiopathic injury is compensable. Id., citing Indus. Comm. v.Nelson (1933), 127 Ohio St. 41.
 {¶ 18} In workers' compensation cases involving unexplained falls, the claimant has the burden to establish that the fall was unrelated to idiopathic causes, and, when the claimant has met this burden, "an inference arises that the fall is traceable to some ordinary risk, albeit unidentified, to which the employee was exposed on the employment premises." Jones v. Mayfield, 3d Dist. No. 9-88-33, 1990 WL 20063, citing Waller, supra. In establishing that a fall was unrelated to idiopathic causes and that a fall arose out of the employment, it may be necessary for the claimant to introduce medical expert testimony, as these issues may involve "a question of scientific inquiry which is not within the knowledge of lay witnesses or members of the jury * * *."Stacey v. Carnegie-Illinois Steel Corp. (1951), 156 Ohio St. 205, 210, citing Aiken, supra. Furthermore, workers' compensation legislation is "liberally construed in favor of employees * * *." R.C. 4123.95
 {¶ 19} In the case at bar, Chappell, while working at Wal-Mart, fainted and fell to the floor as she was making her way to the restroom after feeling ill for approximately an hour and fifteen minutes. There was no employment-related explanation as to why she fell; therefore, she bears the burden of proof to establish *Page 11 
that her fall, and resultant injuries, were unrelated to any idiopathic causes. See Jones, supra.
 {¶ 20} Chappell made no allegation that her illness was related to her employment. She simply stated in her deposition that she began to feel ill after she started work, with no speculation as to the cause of her illness. Furthermore, she presented no medical testimony demonstrating that her illness was employment related. Instead, Chappell relies on three arguments to establish that her fall and resultant injuries were unrelated to any idiopathic causes and were causally connected to her employment.
 {¶ 21} First, Chappell contends that she may have tripped over a drain on her way to the restroom. In support of this argument, Chappell presents no evidence demonstrating that the drain caused her fall and resulting injuries other than her affidavit stating that she was told by a co-worker that she may have tripped on a drain. However, after watching the video of her fall in her deposition, she stated that she could not have tripped over the drain because it was further back from where she fell. Because "an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment[,]" Byrd v. Smith,110 Ohio St.3d 24, 30, 2006-Ohio-3455, and because Chappell has failed to present any other evidence that she *Page 12 
tripped over the drain, we find that this argument fails to establish a causal connection between a condition of her employment and her injuries.
 {¶ 22} Secondly, Chappell argues that she may have hit a rack in the photo lab when she fell, thereby establishing a causal connection between her injuries and employment and demonstrating that her injuries were unrelated to any idiopathic causes. However, Chappell's deposition testimony directly contradicts this assertion. While watching the video of her fall, Chappell stated that, "[a]nd then that was the black wrought iron thing that I thought I hit. And I must not have hit and I'm sorry." (May 2008 Deposition Tr., p. 57). Accordingly, we find that this argument also fails to establish a causal connection between a condition of her employment and her injuries.
 {¶ 23} Finally, Chappell contends that her injuries "arose out of her employment because Wal-Mart failed to provide her with her scheduled break and to respond to her calls for assistance, thereby significantly increasing the risk posed by her pre-existing illness and proximately causing her to faint and sustain injuries. While this may be a viable argument, Chappell failed to submit evidence in support of it, and she even failed to assert it at her deposition as a theory of why she fainted and sustained injuries. An attempt to connect the increased risk of an illness to a condition of employment such as this is beyond the comprehension of lay witnesses and should have been supported by expert medical testimony. As such, we reject Chappell's argument that Wal-Mart's failure to relieve her *Page 13 
increased the risk of her idiopathic illness, thereby resulting in injuries arising out of her employment.
 {¶ 24} Because we find that Chappell's arguments fail to create a genuine issue of material fact to establish that her injuries were unrelated to an idiopathic illness or that they were causally connected to her employment, we find the trial court did not err in granting Wal-Mart's motion for summary judgment.
 {¶ 25} Accordingly, Chappell's assignment of error is overruled.
 {¶ 26} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed
 PRESTON, P.J. and SHAW, J., concur. *Page 1